Defendants-appellants, Thomas Young and Allen Young, (collectively referred to as "appellants") appeal the decisions of the Brown County Court of Common Pleas adjudicating them sexual predators.[1] We affirm the determinations.
On July 7, 1997, Thomas Young, age thirty-nine, was indicted on one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. The record reveals that "at least during the period from June, 1996 to December, 1996, he did engage in sexual conduct, to-wit: fellatio, with * * * a child age six years old, * * *." On March 25, 1998, Thomas pled guilty to the amended offense of gross sexual imposition ("GSI") in violation of R.C. 2907.05 (A)(4), a felony of the third degree.
On May 15, 1998, Thomas' sentencing and sexual predator hearings were held. The state attempted to present evidence from Mr. James Bussell, who alleged that he had been the victim of sexual abuse at the hands of Thomas Young several years earlier. However, due to evidentiary concerns, the hearing was continued until June 2, 1998. On June 2, 1998, the state presented evidence from a Clermont County Children's Services supervisor, who testified regarding a number of referrals the agency had received over the years concerning the alleged sexual abuse of children by Thomas Young. Thomas then presented testimony form a Ms. Irene Ross, a member of his church, who testified that Thomas' interactions with children did not concern her. However, because Thomas had a prior GSI conviction in 1984, the trial court adjudicated him both a habitual sexual offender and a sexual predator.
On July 7, 1997, Allen Young, age thirty-seven, was indicted on two counts of rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree, and one count of GSI in violation of R.C. 2907.05(A)(3), a felony of the third degree. The record reveals that: (1) with respect to the first count of rape "during the period of the summer of 1996, through December 1996, Allen Young did engage in fellatio, anal intercourse, and inserted his finger into the anal cavity of * * *" a six year old child; (2) with respect to the second count of rape "on or about the period of the summer of 1996, up to and including December, 1996, he did engage in sexual contact with * * * [another child] five years of age, in that he did engage in anal intercourse with the said * * *" child; and (3) with respect to the GSI count that "on or about from June, 1996, through December 31, 1996, * * * [he] did engage in sexual contact with * * * [another child] nine years of age, by touching the genitals of the said [child] for the purposes of sexually arousing himself or the said * * *" child. On March 28, 1998, Allen pled guilty to two counts of GSI, both felonies of the third degree.
On June 2, 1998, Allen's sentencing and sexual predator hearings were held. As occurred at Thomas' hearing, a supervisor from Clermont County Children's Services testified regarding a number of referrals the agency had received over the years concerning the alleged sexual abuse of children by Allen Young. The state also presented evidence from Tanika Gould, who testified that she had been the victim of sexual abuse at the hands of Allen Young several years earlier, as well as testimony from James Bussell, who testified to the same. Allen presented the testimony of Irene Ross, a member of his church, who stated that Allen's interactions with children did not concern her. The trial court then adjudicated Allen a sexual predator.
Appellants appeal their adjudications, raising two identical assignments of error. In their first assignment of error, appellants contend:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY HOLDING THE RULES OF EVIDENCE DO NOT APPLY IN THE SEXUAL PREDATOR HEARING.
In this assignment of error, appellants contend that the Ohio Rules of Evidence fully apply in a sexual predator classification hearing. Appellants further contend that the trial court erred by admitting testimony during their classification hearings regarding their alleged prior bad acts that would not have been admissible under Evid.R. 404.
In State v. Warner (Apr. 20, 1998), Butler App. No. CA97-03-064, unreported, this court addressed the applicability of the Ohio Rules of Evidence to sexual predator classification hearings. Specifically, we noted that Evid.R. 101(C) excepts the application of the Rules of Evidence from certain proceedings.
 (3) Miscellaneous criminal proceedings. Proceedings for extradition or rendition of fugitives; sentencing; granting or revoking probation; issuance of warrants for arrest, criminal summonses and search warrants; and proceedings with respect to release on bail or otherwise.
In Warner, we established that a "sexual predator classification hearing is similar to hearings for sentencing and granting or revoking probation where it is well established that the Rules of Evidence * * * are inapplicable." Id. at 6-7. We further stated that "a classification hearing is not intended to determine the guilt or innocence of the offender. Rather, the ultimate determination to be made by the trial court concerns the status of the offender, and whether he 'is likely to engage in the future in one or more sexually oriented offenses.' See R.C. 2950.01(E); 2950.09-(B)(2)." Id. at 7. At such a stage, a "trial court may entertain statements and receive information which might otherwise be barred" under the Rules of Evidence. State v. Lee (June 26, 1998), Hamilton App. No. C-970440, unreported. Accordingly, we note that the "trial court has the discretion to consider all evidence which is cogent [sic] to the issues so long as the evidence satisfies a basic standard of being reliable, substantive and probative."Id. We have previously held that "in determining an offender's propensity to commit future sex offenses, the trier of fact can use past behavior to gauge future propensity to commit crimes since past behavior is often an indicator of future violent tendencies." State v. Striley (Dec. 9, 1997), Clermont App. No. CA97-05-046, unreported.
Upon a through review of the testimony given at appellants' classification hearings, we find the evidence was reliable, substantive and probative. The trial court did not err by admitting testimony during appellants' classification hearings concerning their prior bad acts that may otherwise not have been admissible under Evid.R. 404. Accordingly, appellants' first assignment of error is overruled.
In their second assignment of error, appellants contend:
 THE TRIAL COURT ABUSES [sic] DISCRETION IN FINDING THAT THE STATE OF OHIO HAD PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT DEFENDANT WAS A SEXUAL PREDATOR.
Pursuant to R.C. 2950.09(C)(2), a determination that an offender is a sexual predator must be supported by clear and convincing evidence. State v. Brown (Oct. 19, 1998), Warren App. No. CA98-03-034, unreported, at 15. Accordingly, this court's role is to determine whether the record contains evidence which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id., citing Cross v. Ledford (1954), 161 Ohio St. 469.
Evidence presented at Thomas' hearing demonstrated that he was thirty-nine when he engaged in sexual conduct with the victim, a six-year-old child. Prior to this, Thomas had been convicted of GSI in 1984 as a result of sexual conduct with a child under the age of thirteen. Furthermore, evidence presented at the classification hearing indicated that over the years there had been several other allegations involving sexual abuse of children by Thomas. Accordingly, we find that the record contains clear and convincing evidence to support the trial court's determination, and we find that the court considered the relevant statutory factors under R.C.2950.09(B)(2) when it adjudicated Thomas a habitual sexual offender and a sexual predator.
Evidence presented at Allen's hearing demonstrated that he was thirty-seven when he engaged in sexual conduct with his victims, all children under the age of thirteen. Prior to this incident, Allen had no criminal record. However, there was evidence presented at the classification hearing from two previous sexual abuse victims of Allen Young: Tanika Gould and James Bussell. Additionally, the state presented evidence that over the years there had been several other allegations involving sexual abuse of children by Allen. Thus, we find that the record contains clear and convincing evidence to support the trial court's determination, and we find that the court considered the relevant statutory factors under R.C.2950.09(B)(2) when it adjudicated Allen a sexual predator. Appellants' second assignment of error is therefore overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.
[1] Thomas and Allen Young are both represented by the same counsel and although they have filed separate briefs, each brief mirrors the other — both in fact and in argument. In the interest of judicial economy, we have combined the assignments of error and issue this single opinion as the disposition of both appeals.